**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Nancy Roell, as the Executrix of the Estate of Gary L. Roell, Sr. | ) ) ) |
| Plaintiff, | ) Case No. 1:14-CV-637 ) |
| vs. | ) ) |
| Hamilton County, Ohio Board of Commissioners, et al., | ) ) ) |
| Defendants. | ) ) |

O R D E R

This matter is before the Court on Third-Party Defendant Nancy Roell's motion to dismiss Defendants' third-party complaint. Doc. No. 33. For the reasons that follow, the motion to dismiss is well-taken and is **GRANTED.** The motions to file amicus curiae briefs (Doc. Nos. 38 & 39) are **MOOT.**

I. Background

This case concerns the death of Gary Roell, Sr., which allegedly resulted from being tased by Hamilton County Deputy Sheriffs Joseph Huddleston, Matthew Alexander, and Willy Dalid.

Gary Roell, Sr. suffered from schizoaffective disorder and delusional disorder for most of his life. Complaint (Doc. No. 1) ¶ 12. In 1998, Roell was declared incompetent by the Hamilton County Probate Court, and his wife, Plaintiff/Third-Party Defendant Nancy Roell, was appointed his legal guardian. Third Party Complaint (Doc. No. 24) ¶¶ 4-6. As

1

Roell's guardian, Nancy Roell had a duty to protect and control the person of Roell. Id. ¶ 6; Ohio Rev. Code § 2111.13(A)(1).

On August 11, 2013, Nancy Roell left Roell at home by himself while she went on a trip to New Jersey with her church group. Third-Party Complaint ¶ 12; Complaint ¶ 15. The Third-Party Complaint alleges that in the six weeks before this trip, Roell began decompensating and behaving erratically. Third-Party Complaint ¶ 8. Roell also refused to be injected with medication that prevented him from becoming psychotic and cancelled an appointment with his treating psychiatrist. Id. ¶¶ 9-10. The complaint, on the other hand, alleges that Nancy Roell had taken such trips before without incident. Complaint ¶ 15.

In any event, on the afternoon of August 12, 2013, Roell began acting extremely erratically. He dumped items from the refrigerator and kitchen cabinets onto the floor, spread dirt throughout their condominium, ran water hoses in and around their condominium, spread board game cards throughout the parking lot, and put plant debris in neighbors' mailboxes. Complaint ¶ 17.

Then, at around, 1:30 a.m. on the morning of August 13, 2013, Roell entered a neighbor's fenced-in patio and broke a window. The neighbor called 911 and told the operator that Roell was acting "crazy." Complaint ¶¶ 19-20. When Hamilton County Deputy Sheriffs Huddleston, Alexander, and Dalid arrived on the scene at about 1:50 a.m., Roell was naked from the waist down. He was holding a garden hose in one hand and a hanging flower basket in the other hand. Id. ¶ 21-23. Despite the fact that Roell's hands were visible, Huddleston and Alexander yelled at him, "give us your hands, give us your hands," and warned him to "lay on the ground or you'll be tased." Complaint ¶ 24.

Without giving Roell time to comply with their orders, the deputies commenced to use force on Roell to effect an arrest. Huddleston deployed his taser on Roell six times during the encounter, including once to the chest. Complaint ¶¶ 25-28. The deputies also caused blunt force injuries to Roell's head, torso, and extremities in wrestling him to the ground. Id. ¶ 34. Roell stopped breathing and died shortly after being handcuffed by the deputies. Id. ¶¶ 37-38.

The complaint alleges that the cause of Roell's death was excited delirium, "a condition almost exclusively associated with people involved in police altercations." Id. ¶ 40. The complaint further alleges that Roell exhibited all of the obvious signs of excited delirium to an officer trained in the condition - he was partially nude, sweaty, obviously agitated, engaging in bizarre behaviors, and exhibiting paranoia, fear and/or hallucinations. Id. ¶ 40. The complaint alleges that failing to recognize the signs of excited delirium and failing to have appropriate medical personnel standing by puts a person suffering from excited delirium in serious risk of death. Id.

Nancy Roell, the executrix of Gary Roell's estate, filed suit against the Hamilton County Board of Commissioners, Hamilton County Sheriff Jim Neil, and Deputies Huddleston, Alexander and Dalid pursuant to 42 U.S.C. § 1983. The complaint alleges that Huddleston, Alexander, and Dalid used excessive force to effectuate the arrest of Gary Roell and that each of them failed to protect Roell from the other's use of excessive force. The complaint also alleges that the Sheriff's Department ratified the deputies' conduct by failing to discipline or counsel them for their conduct in causing Roell's death. The complaint further alleges that Hamilton County was deliberately indifferent to the need to adequately train deputies in safely dealing with persons suffering from excited delirium and

3

mental illnesses. The complaint also alleges that the Defendants intentionally discriminated against Roell, or failed to reasonably accommodate Roell, in violation of the Americans With Disabilities Act by using excessive force against him because of his disability. Finally, the complaint asserts state law claims for wrongful death and assault and battery.

The Defendants filed an answer (Doc. No. 7) and, with leave of Court, a third-party complaint against Nancy Roell, in her individual capacity and as the guardian of Gary Roell, Sr., for contribution and/or indemnification. Doc. No. 24. The Third-Party Complaint alleges that Nancy Roell knew, in the weeks leading up to Gary Roell's death, that his mental condition was deteriorating but that she nevertheless failed to take adequate measures to protect him. Moreover, the Third-Party Complaint alleges, Nancy Roell knew at the time she went to New Jersey and left Gary Roell alone, that he would not seek medical care for himself and that he presented a danger to himself and others. The Third-Party complaint alleges, therefore, that Nancy Roell violated her duty under Ohio Rev. Code § 2111.13 as Gary Roell's guardian to protect to her ward. The Third-Party Complaint alleges that Nancy Roell's conduct in allegedly failing to protect Gary Roell constitutes negligence per se and was the proximate cause of Gary Roell's death. Third-Party Complaint ¶¶ 8-18. Consequently, the Third-Party Complaint alleges that Nancy Roell is liable to Defendants for contribution pursuant to Ohio Rev. Code § 2307.23 for contribution and/or indemnity for damages caused by Gary Roell's death.

Nancy Roell now moves the Court to dismiss the Third-Party Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. Roell contends that 42 U.S.C. § 1983 does not provide for a right of contribution from alleged joint tortfeasors. Moreover, she posits a number of policy reasons why it would be

inappropriate and inadvisable to hold guardians liable for contribution or indemnity in cases such as this one.

## II. Rule 12(b)(6) Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 678-89. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. Plausibility is not the same as probability,

but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

### III. Analysis

Defendants in this case seek contribution or indemnity against Nancy Roell for her alleged negligence in leaving Gary Roell unattended in the deteriorating mental state he was experiencing at the time of the incident leading to his death. They contend, therefore, that Nancy Roell should share in any damages awarded against them pursuant to the claims alleged by Gary Roell's estate.

Under Rule 14 of the Federal Rules of Civil Procedure, a claim for contribution against a third-party defendant must be based on the plaintiff's claim against the defendant because the defendant is attempting to transfer his liability to the third-party defendant. 6 Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1446. In other words, the third-party defendant must be liable to the plaintiff under the same cause of action the plaintiff asserts against the defendant. See American Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008) ("[A] defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant."); Calbace v. VSE Corp., 914 F. Supp.2d 1145, 1159 (D.Hawaii 2012) ("In short, there is no right of contribution where the injured person has no right of action against the third party defendant.") (internal quotation marks omitted).

First, the Court concludes that § 1983 does not provide a right of contribution to a defendant against a third-party. The Sixth Circuit Court of Appeals has not specifically ruled on this issue. However, in Northwest Airlines v. Transport Workers Union of Am., 451

U.S. 77 (1981), the Supreme Court cautioned against implying a right of contribution into federal statutes. The Court discussed several factors in determining whether a federal statute implies a right of contribution among co-defendants. The absence of an express statutory provision providing a right of contribution is a significant indication that no such right should be implied. Id. The court should also consider whether the statute was enacted for the special benefit of the class of which the party seeking contribution is a member. Id. at 92. Finally, the court should consider whether the legislative history of the statute indicates an intent to provide a right of contribution. Id. at 94.

In Northwest Airlines, an employer sought contribution from a union for Title VII and Equal Pay Act ("EPA") violations caused by the employer's adherence to discriminatory wage rates demanded by the union in the collective bargaining agreement. The employer felt that the union bore some responsibility to share in paying the damages for causing it to discriminate against the plaintiff class. The Court, however, concluded that no right of contribution could implied into either Title VII or the EPA: neither statute expressly provided for a right of contribution, the employer was not a member of the class which Title VII and the EPA were enacted to benefit, and the legislative history did not indicate an intent to provide a right of contribution. Id. at 91-94.

In this case, analysis of the Northwest Airlines factors indicates that § 1983 does not provide a right of contribution to a defendant against an alleged joint tortfeasor. Section 1983 does not specifically provide for a right of contribution.[1] Additionally, persons acting

---

[1] Section 1983 states in its entirety:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

7

under the color of state law are not a member of the class § 1983 was intended to benefit. Section 1983, rather, was intended to benefit persons who suffer a deprivation of their constitutional rights at the hands of persons acting under color of state law. See, e.g., Robertson v. Wegmann, 436 U.S. 584, 590-91 (1978)("The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law."). Finally, Defendants have not directed the Court to any legislative history of § 1983 indicating congressional intent to provide a right of contribution among defendants. In other words, even a cursory review and analysis of the Northwest Airlines factors demonstrates that § 1983 does not provide a defendant with an implied right of contribution against a third-party.

Additionally, contrary to Defendants' position, 42 U.S.C. § 1988(a) does not apply to import into § 1983 a right of contribution from state law. Section 1988(a) permits consideration of state law "in a § 1983 claim only where there is no rule of federal law on point and state law is consistent with the Constitution and laws of the United States." Williams v. Leatherwood, 258 Fed. Appx. 817, 823 (6th Cir. 2007). As indicated by the discussion just concluded, any state law that would permit a right of contribution against

---

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

a third-party under § 1983 would be inconsistent with the text and intent of § 1983.  In any event, according to the Court's research, even Ohio law does not permit contribution in § 1983 cases.  Medina County Agr. Soc. v. Swagler, 518 N.E.2d 589, 592 (Ohio Ct. App. 1987).

Second, assuming that 42 U.S.C. § 1983 does provide a right of contribution to a defendant against a third-party, Nancy Roell nevertheless cannot be held liable for contribution to the Defendants for Gary Roell's death.  As just stated, a defendant's claim for contribution against a third-party must be based on the plaintiff's claim against the defendant.  In this case, Nancy Roell cannot be held liable to Gary Roell's estate for the constitutional violations alleged in the complaint.  A private citizen, unless she acted in concert with a state official, is not a "state actor," and hence does not act "under color of state law" for purposes 42 U.S.C. § 1983.  Tahfs v. Proctor, 316 F.3d 584, 590-91 (6th Cir. 2003).  Here, Defendants do not allege, nor do the facts in the Third-Party Complaint indicate, that Nancy Roell was a state actor or that she acted in concert with state actors in causing the alleged constitutional deprivation leading to Gary Roell's death.  Indeed, according to the Third-Party Complaint, she was not even present within the State of Ohio when the alleged constitutional deprivation occurred.  Consequently, for all of the reasons stated above, Defendants' claim for contribution against Nancy Roell under 42 U.S.C. § 1983 fails as a matter of law.

Third, Defendants' claim for contribution against Nancy Roell with respect to Plaintiff's ADA claim fails for somewhat similar reasons.  Plaintiff, on behalf of Gary Roell, brings her disability discrimination claim pursuant to Title II of the ADA.  Title II of the ADA prohibits discrimination based on disability in the provision of public services.  Johnson v.

City of Saline, 151 F.3d 564, 569 (6th Cir. 1998); 42 U.S.C. § 12132. Title II applies only to "public entities," that is, to state or local governments or departments or agencies of state or local governments. 42 U.S.C. § 12132; 42 U.S.C. § 12131(1). Title II liability cannot be imposed against individuals. Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn, 280 F.3d 98, 107 (2nd Cir. 2001)(collecting cases); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); Key v. Grayson, 163 F. Supp.2d 697, 715 (E.D.Mich. 2001). Since Nancy Roell is an individual, she cannot be liable for contribution to the Defendants under the ADA. Therefore, Defendants' claim for contribution with respect to Plaintiff's ADA claim fails as a matter of law.

Fourth, Nancy Roell cannot be liable for contribution to Defendants for Plaintiff's state law causes of actions. As mentioned, Plaintiff asserts claims against all of the Defendants for wrongful death and against the individual deputies for assault and battery. Nancy Roell, however, cannot be held liable for contribution to Defendants for damages which might be owed to Gary Roell's estate for these torts based on her alleged negligent conduct. See American Zurich, 512 F.3d at 805 (third-party defendant's liability must be based on plaintiff's original claim against the defendant). Because the Defendants are a political subdivision and/or employees of a political subdivision, they are entitled to immunity under Ohio law for Gary Roell's death unless Plaintiff demonstrates that the County acted willfully and wantonly, and that the individual Defendants acted wantonly and recklessly, in causing his death. Anderson v. City of Massillon, 983 N.E.2d 266, 274 (Ohio 2012). These standards of misconduct require proof of culpability greater than mere negligence. Wentworth v. Coldwater, No. 10-14-18, 2015 WL 1618923, at *8 (Ohio Ct. App. Apr. 13, 2015). Since a defendant's claim for contribution against a third-party must

be based on the plaintiff's underlying claim against the defendant, and since in this case Plaintiff's state law claims require proving that the Defendants acted with culpability greater than negligence, Nancy Roell cannot be liable to Defendants for contribution based on her alleged negligent conduct.  See, e.g. Grange Mut. Cas. Co. v. Hall, No. 91AP-1016, 1992 WL 276607, at *2 n.2 (Ohio Ct. App. Apr. 14, 1992) ("[I]n order for there to be a right to contribution, the injured party must have a possible remedy against both the party seeking contribution and the party from whom contribution is sought.").  Moreover, as to Plaintiff's assault and battery claim, an intentional tortfeasor has no right of contribution from other tortfeasors. Ohio Rev. Code § 2307.25(A); Eysoldt v. Proscan Imaging, No. C–110138, 2011 WL 6885346, at *2 (Ohio Ct. App. Dec. 28, 2011)(stating that "an intentional tortfeasor may not profit by means of contribution from a fellow wrongdoer"); Love v. City of Port Clinton, 524 N.E.2d 166, 168 (Ohio 1988)(assault and battery is an intentional tort). Consequently, the Defendants have no right of contribution against Nancy Roell for any damages which might be awarded to Gary Roell's estate pursuant to the state law claims.

Fifth and finally, Defendants' claim against Nancy Roell for indemnity fails as a matter of law.  A claim for indemnity must be based on an express or implied contract between the defendant and a third-party.  Allstate Ins. Co. v. U.S. Associates Realty, Inc., 464 N.E.2d 169, 173 (Ohio Ct. App.1983).  Defendants' indemnity claim fails because Defendants fail to allege that there was an express or implied contract of indemnity between them and Nancy Roell.

## Conclusion

For the reasons stated above, Plaintiff/Third Party Defendant Nancy Roell's motion to dismiss Defendants' Third-Party Complaint (Doc. No. 33) is well-taken and is **GRANTED.**

In light of that conclusion, the motions to file amicus curiae briefs (Doc. Nos. 38 & 39) are **MOOT.**

    **IT IS SO ORDERED**

Date June 8, 2015                                           s/Sandra S. Beckwith
                                                              Sandra S. Beckwith
                                                Senior United States District Judge